# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL W. COLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-019-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Michael W. Colston requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). *See also Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951); *see also Casias,* 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant is engaged in substantial gainful activity, or his impairment is not medically severe, disability benefits are denied. If he does have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant can perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on November 25, 1972, and was 34 years old at the time of the administrative hearing. He completed the ninth grade, obtained his GED and has worked in the past as a tire changer, livestock loader, hatchery worker, and lumberyard worker. The claimant alleges that he had been unable to work since September 6, 2005, because of impairments related to pain in his back and lower body (Tr. 114).

**Procedural History**

The claimant applied on February 3, 2006 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 16, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a full range of sedentary work, *i. e.* the claimant could lift/carry up to ten pounds, and stand/walk two hours (and sit six hours) in an eight-hour workday (Tr. 14). The ALJ concluded that although the claimant could not return to past relevant work (Tr. 17), he was nevertheless not disabled according the Medical Vocational Rules (the "grids"), 20 C.F.R. Part 404, Subpt. P, App. 2, § 202.28 (Tr. 18).

## Review

The claimant contends that the ALJ erred: (i) by failing to give controlling weight to the medical opinions of his treating physician, Dr. Wojciech Dulowski; (ii) by failing to properly analyze his credibility, including his allegations of pain; and (iii) by failing to include all of his limitations in his RFC. The undersigned Magistrate Judge finds that the ALJ failed to properly analyze Dr. Dulowski's medical opinions, and the decision of the Commissioner should therefore be reversed.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). If for any reason a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to which they are entitled by analyzing all of the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [416.927]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. Applicable factors are: (i) the length of the treatment relationship and frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) the consistency between the opinion and the record as a whole; (v) whether the physician is a specialist in

the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinions entirely, he must "give specific, legitimate reasons for doing so." *Id.* at 1301. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The medical opinions at issue were expressed in a Medical Source Statement by Dr. Dulowski dated October 29, 2007 (Tr. 296-298). As the ALJ noted, Dr. Dulowski's opinions were clearly inconsistent with the notion that the claimant could perform a full range of sedentary work:

> Dr. Dulowski completed a medical source statement reflecting that the claimant could perform less than the full range of sedentary work activity . . . Dr. Dulowski is the claimant's regular treating physician. The claimant was evaluated by Dr. Blankenship, with The Neurosurgery Spine Center, on two occasions, once on October 5, 2005 and again on November 3, 2005. The record does not reflect that the claimant returned to Dr. Blankenship after November 3, 2005, and Dr. Blankenship did not indicate that the claimant was disabled or was as limited as indicated by Dr. Dulowski's assessment . . . While the undersigned has carefully considered Dr. Dulowski's assessment, it cannot be given controlling weight because it is inconsistent with the other substantial evidence as noted above.

Tr. 16-17. The suggestion by the ALJ that Dr. Blankenship disagreed with Dr. Dulowski's opinions about the claimant's limitations was evidently the basis for the his conclusion that Dr. Dulowski's opinions were inconsistent with other evidence and thus not entitled to controlling weight. But Dr. Blankenship went on to note that the claimant stopped seeing him because his workers comp case was dismissed and that he needed

(but could not afford) additional treatment (Tr. 244-51, 256-7). *See, e. g., Thomas v. Barnhart*, 147 Fed. Appx. 755, 760 (10th Cir. 2005) ("[T]he medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered . . . To a poor person, a medicine that he cannot afford to buy does not exist."), *quoting Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). This is *at best* scant evidence for refusing to give controlling weight to the physical limitations imposed upon the claimant by Dr. Dulowski.

Even if the ALJ *did* properly refuse to give controlling weight to Dr. Dulowski's opinions, he was nevertheless required to evaluate those opinions by applying all of the factors in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See, e. g., Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § 404.1527."), *quoting Watkins,* 350 F.3d at 1300. This was important to do here because the ALJ did not explain why he apparently preferred the opinions of the state agency physician (who never treated or even examined the claimant) over those of Dr. Dulowski, *see, e. g., Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."); *see also Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995)

("A treating physician's opinion is favored over an opinion offered by a consulting physician."), *citing Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987), or *specify* the weight he was assigning to the preferred opinions. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1223 (10th Cir. 2004) ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."). Indeed, the ALJ failed to analyze and specify the weight he was assigning to *any* of the medical opinions in the case. *See Hamlin,* 365 F.3d at 1215 ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added].

Because the ALJ failed to properly evaluate the medical opinions in this case, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case remanded for analysis by the ALJ. If such analysis results in any modification of the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further

proceedings consistent herewith.  The parties shall have fourteen days to file objections to this Report and Recommendation.  *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 16th day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**